# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,            )
                             )
v.                           )            ID No. 1308006490A & B
                             )
MICHAEL DWYER,               )            Cr. A. Nos. S13-08-0553I, etc.
            Defendant.       )

Submitted: November 19, 2018
Decided: February 1, 2019

## ORDER

*Upon Defendant Michael Dwyer's Motion to Proceed Pro Se for the Purpose of
Filing a Request for a Certificate of Eligibility
Under 11 Del. C. § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d),*
**DENIED.**

This 1st day of February, 2019, upon consideration of the Defendant Michael

Dwyer's Motion to Proceed *Pro Se* for the Purpose of Filing a Request for a

Certificate of Eligibility (D.I. 30) and the record in this matter, it appears to the Court

that:

(1)     On July 30, 2014, a Superior Court jury convicted Michael Dwyer of

Theft of Firearm.[1]  A month later, a second Superior Court jury convicted Dwyer of

Possession of a Firearm By a Person Prohibited (PFBPP).[2]  Both counts arose from

---

[1]     Verdict Form, *State v. Michael Dwyer*, ID No. 1308006490A (Del. Super. Ct. July 30, 2014) (D.I. 51-53).

[2]     Verdict Form, *State v. Michael Dwyer*, ID No. 1308006490B (Del. Super. Ct. Aug. 27, 2014) (D.I. 10-12).

the same criminal incident, were charged in the same Information, but had been severed just before Dwyer's first trial.[3]

(2) Dwyer's sentencing for both occurred a few months later, on October 3, 2014, after a pre-sentence investigative report was prepared and the State filed a habitual criminal petition.[4] Dwyer was sentenced to the minimum required for the triggering PFBPP conviction (S13-08-0553I) for which the State sought habitual criminal sentencing under the then-extant Habitual Criminal Act: 8 years at Level V.[5] For the theft of a firearm count, he received an additional one year of imprisonment, again to be served under the provisions of 11 *Del. C.* § 4214(a) as it

---

[3] Information, *State v. Michael Dwyer*, ID No. 1308006490A (Del. Super. Ct. Oct. 16, 2013) (D.I. 4); Severance Order, *State v. Michael Dwyer*, ID No. 1308006490A (Del. Super. Ct. July 23, 2013) (D.I. 43).

[4] DEL. CODE ANN. tit. 11, § 4214(a) (2013) (providing that a person who had been thrice previously convicted of a felony and was thereafter convicted of another felony could be declared a habitual criminal).

[5] *Id.* (any person sentenced under then-existing § 4214(a) had to receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for any fourth or subsequent Title 11 violent felony that formed the basis of the State's habitual criminal petition); DEL. CODE ANN. tit. 11, §§ 1448(c) and (e), 4201(c) and 4205(b)(4) (2013) (PFBPP by one previously convicted of a violent felony was, when Dwyer committed his crimes, and is now, a class D violent felony with a statutory maximum of eight years imprisonment). Dwyer had been previously convicted of at least one prior violent felony: assault second degree in 1994. *See* Sentencing Order, *State v. Michael Dwyer*, ID No. 9403014783 (Del. Super. Ct. Aug. 2, 1994) (D.I. 6); *see also* Motion to Declare Def. an Habitual Offender, *State v. Michael Dwyer*, ID Nos. 1308006490A&B, at (Del. Super. Ct. Oct. 3, 2014) (D.I. 59; D.I. 15).

then existed.[6] Dwyer's cumulative nine-year incarcerative term will be followed by work release and probation.[7] Dwyer's sentencing order notes that his habitual criminal sentence is effective on October 3, 2014.[8]

(3)    It appears that Dwyer has recently been in contact with the Office of Defense Services and was notified that he is not eligible to seek relief under 11 *Del. C.* § 4214(f).

(4)    Dwyer has requested permission to proceed *pro se* so that he might a apply for certificate of eligibility to file a petition seeking exercise of the Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f).[9] In his view, Dwyer "now avers in good faith that he does meet all requirements for at least a 'certificate of eligibility.'"[10]

---

[6]    *Id.* (under then-existing § 4214(a), when sentencing for any other felony the Court was not bound to impose any minimum but still could, in its discretion, impose a sentence of up to life imprisonment for that non-violent triggering felony).); DEL. CODE ANN. tit. 11, §§ 1451, 4201(c) and 4205(b)(6) (2013) (Theft of a Firearm, while a class F Title 11 felony, has never been classified as a violent felony).

[7]    Sentencing Order, *State v. Michael Dwyer*, ID Nos. 1308006490A&B, at (Del. Super. Ct. Oct. 3, 2014) (D.I. 58; D.I. 14).

[8]    *Id.* His sentencing order also reflects that Dwyer received 269 days for time previously served. *Id.*

[9]    D.I. 75 and D.I. 30; Del. Super. Ct. Spec. R. 2017-1(c)(2) ("The court will not consider a pro se request for a certificate of eligibility or any other pro se filing under this rule unless the petitioner has been granted permission to proceed pro se.").

[10]    D.I. 75 and D.I. 30.

(5)     The Court has carefully considered the Dwyer's motion to proceed *pro se* and suggestion that he is due a certificate of eligibility. Because Dwyer has not met the time-served requirement set forth in 11 *Del. C.* § 4214(f), he cannot seek sentence review under that statute. And so there is no basis for the Court to exercise its discretion under Del. Super. Ct. Spec. R. 2017 to allow him to proceed *pro se* and file a certificate of eligibility.

(6)     For his PFBPP conviction (S13-08-0553I), Dwyer does meet the type-of-sentence eligibility requirement set forth in 11 *Del. C.* § 4214(f).[11] But Dwyer does not meet the time-served eligibility requirement set forth in 11 *Del. C.* § 4214(f).[12]

(7)     Under § 4214(f), an inmate meets the time-served eligibility requirement when he "has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by [the new provisions of 11 *Del. C.* § 4214]

---

[11]     DEL. CODE ANN. tit. 11, § 4214(f) (2018) (providing that an inmate must be serving a sentence imposed upon him as "an habitual criminal [that is] a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to 4214(a) of this title, or a life sentence pursuant to 4214(b) of this title prior to July 19, 2016"). *See Clark v. State,* 2018 WL 1956298, at *3 (Del. Apr. 24, 2018) ("a minimum sentence of not less than the statutory maximum penalty for a violent felony" means the inmate must have received *the* minimum sentence a judge was constrained to impose under the prior version of the Habitual Criminal Act, and so, where a sentencing judge exercised his or her discretion to impose greater than the minimum required under pre-2016 § 4214(a), the inmate cannot seek modification under § 4217(f)); *Durham v. State,* 2018 WL 2069057, at * 1 (Del. May 2, 2018) (same); *State v. Williams,* 2018 WL 2938313, at *2 (Del. Super. Ct. June 8, 2018) (same).

[12]     It appears that when Dwyer consulted with the Office of Defense Services, he was advised by its counsel that he did not meet this statutory requirement. Def. Mot., at 1-2.

or the statutes describing said offense or offenses [for which the inmate was sentenced], whichever is greater."[13] To determine if this requirement is met the Court to determines where in the new habitual criminal sentencing regime a potential § 4214(f) petitioner would fall.[14]

(7) Prior to the subject PFBPP conviction (S13-08-0553I) for which he is serving a habitual criminal sentence, Dwyer had accrued at least the following felony convictions that would be used to reckon his habitual criminal status: Carrying a Concealed Deadly Weapon (IN84-01-1593); Assault in the Second Degree (IN94-04-0510); and Theft of a Firearm (S01-11-0189I).[15] Dwyer's prior conviction for Assault in the Second Degree (IN94-04-0510) and the triggering PFBPP conviction (S13-08-0553I) were each for a "Title 11 violent felony."[16]

(8) Under current 11 *Del. C.* § 4214(c), Dwyer, who has thrice before been convicted of felonies–one of which was a Title 11 violent felony–must receive a minimum sentence of not less than the statutory maximum penalty otherwise

---

[13] DEL. CODE ANN. tit. 11, § 4214(f) (2018).

[14] *State v. Lewis,* 2018 WL 4151282, *2 (Del. Super. Ct. Aug. 28, 2018).

[15] *See* Motion to Declare Def. an Habitual Offender, *State v. Michael Dwyer,* ID Nos. 1308006490A&B, at (Del. Super. Ct. Oct. 3, 2014) (D.I. 59; D.I. 15).

[16] DEL. CODE ANN. tit. 11, § 4201(c) (2018) ("The following felonies shall be designated as violent felonies . . . Title 11, Section . . . 612 Assault in the Second Degree . . . 1448(e) Possession of a Deadly Weapon by Persons Prohibited (Firearm or Destructive Weapon Purchased, Owned, Possessed or Controlled by a Violent Felon . . .").

provided for the triggering PFBPP conviction (S13-08-0553I) that is the Title 11 violent felony that formed the basis of the State's habitual criminal petition.[17] Dwyer would, therefore, have to serve a minimum of eight years before he could be eligible for § 4214(f) consideration.

(9) Put another way, Dwyer's minimum mandatory sentence for PFBPP under both the current and the pre-2016 provisions of the Habitual Criminal Act is exactly the same—eight years that cannot be suspended.[18] And he not yet served those eight years.[19] But even when he does, he will still not be eligible for § 4214(f) consideration as it is but one segment of a two-part cumulative nine-year imprisonment term, neither component of the which is within § 4214(f)'s reach.[20]

---

[17]     *See* DEL. CODE ANN. tit. 11, § 4214(c) (2018) (providing now that one, like Dwyer, who is declared a habitual criminal and whose predicate convictions include at least one prior violent Title 11 felony must receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for each triggering Title 11 violent felony that forms the basis of the State's habitual criminal petition); DEL. CODE ANN. tit. 11, §§ 1448(c) and (e), 4201(c) and 4205(b)(4) (2013) (PFBPP by one previously convicted of a violent felony was, when Dwyer committed his crimes, and is now, a class D violent felony with a statutory maximum of eight years imprisonment).

[18]     *Compare* n.5, *supra., and* n.17, *supra.*

[19]     As noted above, Dwyer's eight-year habitual term for PFBPP began to run on October 3, 2014.

[20]     Because Dwyer's habitual criminal sentence for his theft of a firearm conviction is wholly discretionary, he cannot invoke § 4214(f) to obtain separate review of that sentence. *See Clark,* 2018 WL 1956298, at *3 (Section 4214(f) does not allow for review of habitual criminal sentences that are wholly discretionary).

**NOW, THEREFORE, IT IS ORDERED** that Defendant Michael Dwyer's Motion to Proceed *Pro Se* for the Purpose of Filing a Request for a Certificate of Eligibility is **DENIED**; it plainly appears from his motion and the record of prior proceedings in this case that he is not eligible for relief under 11 *Del. C.* § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d).[21]

Paul R. Wallace, Judge

Original to Prothonotary – Sussex County

cc: Hon. E. Scott Bradley
  Mr. Michael Dwyer, *pro se*
  Todd E. Conner, Esquire
  Dawn M. Williams, Esquire
  James P. Murray, Esquire
  David Hume, IV, Chief Prosecutor, Sussex County
  Casey L. Ewart, Deputy Attorney General

---

[21] *Clark v. State,* 2018 WL 1956298 (Del. Apr. 24, 2018) (this Court did not err when it denied an inmate's request for appointment of conflict counsel to seek a certificate of eligibility upon finding then that the inmate was ineligible for relief under § 4214(f)); *Durham v. State,* 2018 WL 2069057 (Del. May 2, 2018) (same when this Court denied permission for inmate to proceed *pro se* to seek a certificate of eligibility for the same reason); *Coble v. State,* 2018 WL 6595333 (Del. Dec. 13, 2018) (same).

-7-